# United States District Court
for the
## Southern District of New York
### Related Case Statement

Full Caption of Later Filed Case:

Liner Freedman Taitelman Cooley, LLP,

| Plaintiff | Case Number |
| --- | --- |
| vs. | 25-mc-00289-VSB |
| Blake Lively, | |
| Defendant | |

Full Caption of Earlier Filed Case:

(including in bankruptcy appeals the relevant adversary proceeding)

Blake Lively,

| Plaintiff | Case Number |
| --- | --- |
| vs. | 24-cv-10049-LJL |
| Wayfarer Studios, LLC, et al, | |
| Defendant | |

Status of Earlier Filed Case:

| ☐ Closed | (If so, set forth the procedure which resulted in closure, e.g., voluntary dismissal, settlement, court decision. Also, state whether there is an appeal pending.) |
| --- | --- |
| ✓ Open | (If so, set forth procedural status and summarize any court rulings.) |

The later-filed miscellaneous action involves a motion to quash a third-party subpoena issued in the earlier-filed action, which is currently pending before Judge Liman. All but two of the ten defendants have answered the operative complaint, while two have filed a motion to dismiss that is currently pending. Discovery is underway as to all parties, with fact discovery—as to which the third-party subpoena at issue in the later-filed action relates—currently set to close on August 14, 2025.

Explain in detail the reasons for your position that the newly filed case is related to the earlier filed case.

The newly filed case concerns a motion to quash a third-party subpoena (the "Subpoena") issued in connection with the earlier filed case. Because the Subpoena specified a place of compliance in the Central District of California, the movant initially filed its motion to quash there pursuant to Federal Rule of Civil Procedure 45(d). ECF No. 1. The California District Court then transferred the motion to quash to this Court pursuant to Federal Rule of Civil Procedure 45(f). See ECF No. 20. The transferring Court expressly noted that transfer to the district of issuance was appropriate so as not to "interfere with the presiding judge's"—that is, Judge Liman's—"management of the New York Actions," i.e., the earlier filed case and its related cases. Id. at 4.

Now that the motion to quash has been transferred to this Court, the factors cited in Rule 13(a) of the SDNY Rules for the Division of Business Among District Judges all overwhelmingly favor relating this newly filed miscellaneous proceeding to the earlier action, where it can proceed as Rule 45(f) and the transferring Court intended: as though it were any other motion to quash (or other discovery motion) filed in the underlying action. This action concerns substantially similar parties and arises in the context of the same factual record as the underlying action—indeed, it is a sub-dispute relating to discovery in the underlying action itself. Assigning this action to Judge Liman will conserve judicial resources, minimize any duplication of effort, and eliminate the possibility that parties will be subject to conflicting orders relating to discovery in the underlying action—all considerations of heightened importance given that fact discovery is currently set to close in the underlying case on August 14, 2025.

Signature: s/ Michael J. Gottlieb                                   Date: 07/07/2025

Firm: Willkie Farr & Gallagher LLP